# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **THE BOARD OF EDUCATION OF THE SPRINGFIELD CITY SCHOOL DISTRICT** | : | Case No. 3:17-cv-00330-TMR |
| | : | **District Judge Thomas M. Rose** |
| | | **Magistrate Judge Sharon L. Ovington** |
| **Plaintiff** | : | |
| v. | : | |
| **COMPUTER AUTOMATION SYSTEMS, INC. et al.** | : | |
| | : | |
| **Defendants.** | | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c), it is hereby STIPULATED AND AGREED, by and between counsel for the parties, and ORDERED by the Court, that this Stipulated Protective Order shall govern the handling of documents or tangible things, electronically stored information, deposition testimony, deposition exhibits, interrogatory responses, and other written, recorded or graphic matter, including any information contained therein ("Discovery Material") that is produced, exchanged, or testified to by any party to this action, any representative of any party to this action, or by any third party ("Producing Party") during the pre-trial, trial, and post-trial proceedings in this action. It is hereby ORDERED:

    i) All Discovery Material shall be used solely for purposes of preparing for and conducting pre-trial, trial, post-trial and collection proceedings in this litigation and related proceedings between the parties and for no other purpose.

ii) The Producing Party (or any other party to this litigation) may designate for "Confidential" treatment pursuant to this Stipulated Protective Order, upon making a good faith determination that the Discovery Material contains information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or health care information, student information, trade secrets, personnel records, financial information, or such other sensitive commercial information that is not publicly available ("Confidential Discovery Material"), or contains highly sensitive trade secret or other proprietary, commercially sensitive, technical or financial information, or information containing business policy, strategic planning, or competitive analysis, research, development, or commercial information deemed sufficiently confidential that there is a risk of injury to the designating party if the material is disclosed to any party ("Highly Confidential Discovery Material – Attorneys' Eyes Only").

iii) For purposes of this Stipulated Protective Order, Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only shall be designated in the following manner:

(a) with respect to documents or other materials (apart from depositions or other pre-trial testimony and interrogatory responses): (i) by affixing, prior to production, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page or electronic image containing any Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only; or (ii) by affixing, prior to production, the label "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each compact disk, hard drive, or other media upon which Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only is produced;

(b) with respect to depositions or other pre-trial testimony: either by a statement on the record by counsel at the time of disclosure, or by notifying counsel for all other parties in writing, within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony. The legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be affixed to the first page of the original transcript containing Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only, and to the first page of all copies of such transcript. All deposition or pre-trial testimony (even when not yet transcribed) shall be deemed to be Confidential Discovery Material until the end of the thirtieth day after their receipt by counsel for the deponent or witness; and

(c) with respect to interrogatory responses: by stating, in the interrogatory response, that it contains "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material.

iv) Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) outside or inside counsel who represent parties in this action, and regular and temporary employees or agents of those counsel assisting in the conduct of this action, for use in accordance with this Stipulated Protective Order;

(b) the parties, their officers, employees, agents, and representatives of any party insurer that may have accepted the defense or indemnity of any portions of the suit, and who are assisting in prosecuting or defending the suit;

(c) consultants, investigators, or experts (collectively "Experts") assisting counsel for the parties in this action.

(d) actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

(e) the Court in this action and court reporters employed in connection with this action; and

(f) any other person as to whom the parties, after meeting and conferring in good faith, agree in writing. If the parties cannot agree, any party may submit the matter to the Court for further order.

v) Highly Confidential Discovery Material – Attorneys' Eyes Only, may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) outside or inside counsel who represent parties in this action, and regular and temporary employees or agents of those counsel assisting in the conduct of this action, for use in accordance with this Stipulated Protective Order;

(b) Experts assisting counsel for the parties in this action. All Experts receiving Highly Confidential Discovery Material – Attorneys' Eyes Only, shall execute the certification contained in Exhibit A, acknowledging and agreeing to their obligation to keep this information confidential;

(c) actual or potential deponents or witnesses in this action that authored or received any document designated as Highly Confidential Discovery Material – Attorneys' Eyes Only;

(d) the Court in this action and court reporters employed in connection with this action; and

(f) any other person as to whom the parties, after meeting and conferring in good faith, agree in writing. If the parties cannot agree, any party may submit the matter to the Court for further order. All other persons receiving Highly Confidential Discovery Material – Attorneys' Eyes Only, shall execute the certification contained in Exhibit A, acknowledging and agreeing to their obligation to keep this information confidential.

vi) Every person to whom Confidential Discovery Material, Highly Confidential Discovery Material – Attorneys' Eyes Only, or information contained therein is disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Stipulated Protective Order and may not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any other person, except pursuant to the terms hereof.

vii) If a party references Confidential Discovery Material, or Highly Confidential Discovery Material – Attorneys' Eyes Only in a brief, memorandum, or pleading, then that document shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) This Order does not authorize filing protected materials under seal. No Discovery Material may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

(b) Before any Discovery Material marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is filed under seal with the Clerk, the filing party may first consult (if time permits) with the party that originally designated the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to determine whether, with the consent of that party, the document or a redacted version of the information may be filed with the Court not under seal.

(c) Before Discovery Material marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is filed with the Clerk under seal, the relevant Discovery Material shall be placed in a sealed envelope marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and display on the front envelope the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the document. A copy of any document shall be filed under seal in accordance with the Federal Rules of Civil Procedure and to S.D. Ohio Civ. R. 5.2.1.

(d) Any Discovery Material submitted for *in camera* review must be filed in a sealed envelope with the Clerk in accordance with S.D. Ohio Civ. 5.2.1(b). The face of the envelope, as well as the first page of each document, must be clearly designated as "DOCUMENTS FOR *IN CAMERA* INSPECTION" or "DOCUMENTS UNDER SEAL." Additionally, the envelope must display the case name, docket number, a designation of what the

document is, the name of the party on whose behalf it is submitted, the name of the attorney who has filed the document, and a reference to the order or statute allowing the Discovery Material to be sealed.

(e) To the extent that it is necessary for a party to disclose or discuss the content of any Discovery Material marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a brief, memorandum, or pleading, then the party shall file the entire brief, memorandum, or pleading under seal upon motion and for good cause shown, including the legal basis for filing under seal.

(f) After this action is dismissed, a mutual agreement disposing of this action is executed by the parties, or a final judgment not subject to further appeal is entered, the Clerk may elect to return to counsel for the parties or, after notice, destroy any Discovery Material filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

vii) Entering into this Stipulated Protective Order, producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only (or agreeing to do so), or otherwise complying with this Stipulated Protective Order shall not:

(a) operate as an admission that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of a Producing Party to object to the production of documents, testimony or other material that such party considers not subject to discovery; or

(c) prevent the parties to this Stipulated Protective Order from agreeing in writing to amend, alter, or waive the provisions or protections provided for herein with respect to any particular material.ix) This Stipulated Protective Order has no effect upon, and shall not apply to,

(a) any Producing Party's use of its own Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only for any purpose; or (b) any party's use of any document or other information developed or obtained independent of discovery in this action for any purpose.

x) Subject to order of the Court, in any court hearing, or other proceeding before this Court, open to the public, counsel shall not disclose any Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only without prior notice to all other parties of at least five (5) business days before the commencement of the hearing or proceeding in order to provide the other parties an opportunity to seek a further protective order. In this notice, the party shall identify the Discovery Material at issue as specifically as possible (*e.g*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual confidential material. No Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only may be offered into evidence, unless the Court has first approved its submission. Any attempt to introduce or introduction of such evidence will be subject to further Order of the Court following an in-camera review and hearing of arguments of counsel.

xi) If any Discovery Material is inadvertently or unintentionally produced without any designation of confidentiality, a party nevertheless may assert appropriate confidentiality of the Discovery Material, and the parties shall thereafter treat the Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only, as directed by the party asserting confidentiality, provided that such assertion shall be made promptly upon discovery of any inadvertent or unintentional disclosure. Upon notice of the inadvertent production, the receiving party shall not use or disclose the Discovery Material, and

if the party disclosed the Discovery Material before being notified of the inadvertent disclosure, it must take reasonable steps to retrieve the Discovery Material.

xii) Inadvertent or unintentional production of any Discovery Material for which the Producing Party claims a privilege will not be deemed to be a waiver of that privilege if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such Discovery Material as protected from disclosure and requests its return to the Producing Party. Upon request by the Producing Party, the receiving party immediately shall return to the Producing Party all copies of such inadvertently produced document(s), all copies thereof, and any materials derived from or based thereon, and the receiving party shall not use any such information unless specifically allowed by Order of the Court.

xiii) Within 45 calendar days after this action is dismissed, a mutual agreement disposing of this action is executed by the parties, or a final judgment not subject to further appeal is entered, any party that has produced Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only shall notify all other parties to whom the material was produced, in writing, by document number or other specified means of identification, those portions of material they wish to have returned or destroyed. All parties to whom those identified portions were produced either: (a) shall return such material and all copies thereof to counsel for the party that produced it, or (b) shall destroy all such Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only in their possession in a manner that ensures that such material will not be disclosed, disseminated, or recovered by any person. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and

attorney work product, including such materials containing, quoting, discussing, or analyzing Confidential Discovery Material Highly Confidential Discovery Material – Attorneys' Eyes Only, provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, transcripts, exhibits, or attorney work product to any person except on reasonable notice to the Producing Party and either pursuant to Court order, regulatory requirement, or subpoena, or by agreement with the party that produced the Confidential Discovery Material or Highly Confidential Discovery Material – Attorneys' Eyes Only. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

xiv) In the event that any person or party ceases to be engaged in the preparation for trial or in the trial of this action, the provisions of this Stipulated Protective Order shall remain in full force and effect as to any person or party who has obtained access to Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder, except as may be specifically ordered by the Court or consented to by the Producing Party, provided that, any person listed in Paragraph 4(c) above who ceases to be engaged in the preparation for trial or in the trial of this action shall return or destroy any material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and that person's access to Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be terminated.

xv) During the pendency of this action, when any Discovery Material is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," any party objecting to that designation shall make a good faith effort to meet and confer to with the Producing Party to resolve any such objection. If the parties reach an agreement confirming or waiving the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, then the Producing

Part shall serve on all parties a notice specifying the Discovery Material at issue and the nature of the agreement. If the parties cannot reach an agreement, the objecting party may move on reasonable notice to the Producing Party for an order from this Court vacating the designation in accordance with the presiding judge's standing orders or other relevant orders. While such an application is pending, the Discovery Material in question shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as directed by the Producing Party pursuant to this Stipulated Protective Order. The Producing Party shall have the burden of persuading the Court that good cause exists for the designation of Confidential Discovery Material.

xvi) The provisions of this Stipulated Protective Order may be modified at any time by stipulation of the parties as approved by Order of the Court. In addition, any party may apply to the Court for modification of this Stipulated Protective Order.

xvii) Neither the taking of any action in accordance with the provision of this Stipulated Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

xviii) Nothing in this Stipulated Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony, or information from any source.

IT IS SO ORDERED.

This 17th day of December, 2018

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrage Judge

Reviewed and agreed:

| | |
|---|---|
| /s/George B. Musekamp | /s/ Gregory R. Flax |
| Heather M. Hawkins, Esq. (0078569) | Gregory R. Flax, Esq. (0081206) |
| George B. Musekamp, Esq. (0087060) | Steven J. McCready, Esq. (0009447) |
| THOMPSON HINE LLP | Martin, Browne, Hull & Harper, P.L.L. |
| 312 Walnut Street, Suite 1400 | 500 N. Fountain Avenue, P.O. Box 1488 |
| Cincinnati, Ohio 45202 | Springfield, OH 45501-1488 |
| *Attorneys for Defendant TTCO Holding Company, Inc.* | *Attorneys for Plaintiff Board of Education of the Springfield City School District* |

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **THE BOARD OF EDUCATION OF THE SPRINGFIELD CITY SCHOOL DISTRICT** | : | Case No. 3:17-cv-00330-TMR |
| | : | Judge Thomas M. Rose |
| **Plaintiff** | : | |
| v. | : | |
| **COMPUTER AUTOMATION SYSTEMS, INC. et al.** | : | |
| | : | |
| **Defendants.** | | |

## CONFIDENTIALITY AGREEMENT

I have read the terms of the Stipulated Protective Order in this action dated _____, \_\_\_ 2018, and I agree to abide by the terms and conditions contained therein.

Signed _____

Dated _____