UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Board of Education of the Springfield City School District,<br><br>Plaintiff,<br><br>vs.<br><br>HBH Technology, Inc., et al.,<br><br>Defendants. | Case No. 3:17-cv-00330<br><br>District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |

# REPORT AND RECOMMENDATIONS[1]

This diversity-jurisdiction case is before the Court upon Plaintiff Board of Education of the Springfield City School District's Motion for Default Judgment Against Defendant HBH Technology, Inc., fka Computer Automation Systems, Inc. (Doc. #34), Defendant TTCO Holding Company Inc.'s Memorandum in Opposition (Doc. #38), and Plaintiff's Reply (Doc. #40).

To their credit, the parties agree that entry of default is warranted against Defendant HBH Technology, Inc. under Fed. R. Civ. P. 55(a).  This is correct because Defendant HBH has not participated in this litigation since its counsel was permitted to withdraw in early November 2018 and because Defendant HBH has not obtained counsel to represent it in this case despite having been ordered to do so by the Court on two occasions.  And for more than a year, Defendant HBH has not responded to Plaintiff's

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

written discovery requests and has not contacted Plaintiff's counsel to discuss discovery. Plaintiff's counsel has submitted an affidavit verifying these facts.  *See* Doc. #34, *PageID* #s 271-72.  Most recently, in January 2020, no counsel appeared on its behalf during a phone conference with U.S. Magistrate Judge Michael R. Newman concerning settlement.  In this situation, entry of default against Defendant HBS is warranted.  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *cf. Renewable Energy Equipment Leasing, LLC v. Team Gemini, LLC,* 2:14cv2687, 2017 WL 3475687, at *2 (S.D. Ohio 2017) (Watson, DJ) ("While there is no specific Federal Rule or statute that provides for entry of a default judgment against a party who disobeys judicial orders, the Court may do so pursuant to its broad inherent authority to protect the integrity of the judicial process and guard against abuses.")

Defendant TTCO Holding Company, Inc. contends that entering default judgment against Defendant HBH would be premature because an issue remains whether Defendant TTCO is Defendant HBH's successor in interest with respect to all claims Plaintiff raises in its Complaint.  Defendant TTCO points out that it has actively defended against Plaintiff's claims, including by filing a presently pending motion for summary. Defendant TTCO is correct:  Entering a default judgment is premature at the moment when the issue of whether Defendant TTCO is a successor in interest to Defendant HBH remains unresolved.  *See Scalia v. MICA Contracting*, LLC, 1:18cv00590, 2019 WL 6270930, at *2 (S.D. Ohio 2019) (Litkovitz, MJ) (and cases cited therein), Report &

Recommendation adopted, 2020 WL 33121, at *1 (S.D. Ohio 2020) (Dlott, DJ).

Plaintiff does not oppose this conclusion. Plaintiff reassures that it is not attempting to prejudice Defendant TTCO's ability to litigate the successor-in-interest issue. "Plaintiff School District is requesting that the default against Defendant HBH be reduced to a money judgment <u>after</u> its claims against Defendant TTCO have been fully resolved (on summary judgment or at trial) so that the Court can properly apportion liability, if appropriate, between Defendants HBH and TTCO." (Doc. #40, *PageID* #685) (emphasis in original). This approach, however, jumps the gun by requiring the Court to fix in place a default judgment against Defendant HBH. "Following the Clerk's entry of default and the plaintiff's motion for default judgment, the Court must still consider whether a default judgment is proper." *MICA Contracting*, 2019 WL 6270930, at *2. It may or may not be proper against Defendant HBH depending on the facts that emerge at summary judgment or trial, including facts related to the successor-in-interest issue. "[T]he proper course of action is to keep the entry of default against defendant [HBC] in place, but to delay judgment until the claims against defendant TTCO … have been resolved." *Id*.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Board of Education of the Springfield City School District's Motion for Default Judgment Against Defendant HBH Technology, Inc., fka Computer Automation Systems, Inc. (Doc. #34) be **GRANTED, in part**, and the Clerk of Court be directed to docket an entry of default against Defendant HBC Technologies pursuant to Fed. R. Civ. P. 55(a); and

2. Plaintiff Board of Education of the Springfield City School District's Motion for Default Judgment Against Defendant HBH Technology, Inc., fka Computer Automation Systems, Inc. (Doc. #34) be **DENIED without**

3

**prejudice** to renewal after the successor-in-interest issue is resolved at summary judgment or trial.

April 23, 2020                              *s/Sharon L. Ovington*
                                            Sharon L. Ovington
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).